OVERTON, Justice.
This is an appeal from a circuit court decision declaring unconstitutional Section 370.151, Florida Statutes, as it existed on March 5, 1973.[1]
The statute prohibited shrimping in a certain alleged area. The legal description defining the prohibited area was defective by the use of “north longitude” instead of “west longitude.” The Department of Natural Resources recognized the mistake *558 and corrected the description in its regulation 16B-2.13.
The appellee, who is the owner of the shrimp boat “Captain Mike Hill,” was arrested on March S, 1973, by the Florida Marine Patrol and charged with shrimping in a prohibited area in violation of said regulation 16B-2.13. The appellee’s shrimp nets and doors were confiscated from the vessel by reason of the charged offense.
In an action for declaratory judgment brought by appellee, the trial judge declared that Section 370.151(2), Florida Statutes, was so vague and indefinite as to be unenforceable and enjoined the Department of Natural Resources from enforcing said statute. The trial judge, in his findings, stated:
“. . . The legislature provided a penalty but it did not define the area in which such alleged violation could occur. This is further shown by the fact that the testimony before the Court conclusively shows, without dispute, that the three buoys, A. B. and C., referred to in both the statute, Section 370.151(2) and the administrative rule 16(b) — 2.13 are not and were not at the time of the arrests in position so as to assist anyone in determining if they were near or in the prohibited area.
% ‡ * sji &
“. . . [T]he Department of Natural Resources has no legislative authority to define an area prohibiting the taking of shrimp. That was a legislative function and since the legislature had mistakenly failed to adequately describe the prohibited area, it follows that the Department of Natural Resources had no such authority. ...”
The trial judge further held that the confiscation and holding of nets and shrimp doors belonging to the appellee were without legislative authority and null and void.
We affirm the holding of the trial judge.
The trial judge properly brought the statutory defect to the attention of the legislature, which corrected the defective description in Section 370.151(2) by Chapter 74-1, Laws of Florida 1974. Our affirmance of the trial judge’s decision in this cause has no effect on this new statute.
Affirmed.
It is so ordered.
ADKINS, C. J., ROBERTS and DREW (Retired), JJ., and ANDERSON and SIE-GENDORF, Circuit Judges, concur.

. We have jurisdiction. Art. V, § 3(b) (1), Fla.Const.