347 So.2d 419 (1977)
Sylvester BELLAMY, Appellant,
v.
STATE of Florida, Appellee.
No. 50082.
Supreme Court of Florida.
June 2, 1977.
Robert A. Farrance of Kearney & Mulock, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., for appellee.
BOYD, Justice.
Undercover police detectives began to observe a pool hall in Palmetto, Florida, where they suspected gambling was being conducted. Eventually they covertly participated with others in dice games played for money on a pool table in the back of the hall. Sylvester Bellamy, the lessee of the building, was arrested and charged with operating a gambling house contrary to *420 Section 849.01, Florida Statutes. After being found guilty by a jury, he moved for a new trial and arrest of judgment on the ground, among others, that the statute is unconstitutionally vague and overbroad. The motion was denied, an adjudication of guilt was rendered and Bellamy was sentenced to pay a fine of $2,500. Bellamy took a direct appeal here to present his challenge to the statute which reads:
"849.01 Keeping gambling houses, etc.  Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
Bellamy complains that the statute is vague and overbroad because it would appear to outlaw games played for money (such as professional football, tennis, jai-alai, etc.) considered by reasonable men to be innocent. We cannot agree. The second definition of "game" in Webster's Unabridged Dictionary, 3d Ed., p. 932 (1966) is "to play for a stake (as with cards, dice or billiards)." As used in the context of the statute, the words "gaming" and "game" are synonymous with gambling and the wording of the statute would not mislead a person of ordinary intelligence into thinking that the professional games mentioned by Bellamy are prohibited. "Gambling" has been defined by this Court as anything which induces risk of money or property without any other hope of return than to get for nothing any given amount from another. Creash v. State, 131 Fla. 111, 179 So. 149 (Fla. 1938). Similarly, gaming has been defined as an agreement between two or more to risk money on a contest of chance of any kind, where one must be the loser and the other gainer. Id. As defined these terms are understandable by the citizenry of this State.
The other points raised on appeal by Bellamy are not meritorious. The conviction is affirmed and the cause remanded to the trial court for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG, HATCHETT and DREW (Retired), JJ., concur.