372 So.2d 84 (1979)
STATE of Florida, Appellant,
v.
Reo Ulrich HILL, Appellee.
No. 54280.
Supreme Court of Florida.
June 7, 1979.
*85 Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., Miami, for appellant.
David P. Horan, Key West, and Mallory H. Horton, of Horton, Perse & Ginsberg, Miami, for appellee.
ENGLAND, Chief Justice.
We have for review by direct appeal an order of the Monroe County Circuit Court declaring section 370.151(2), Florida Statutes (1977), to be unconstitutional.[1] The statute, which prohibits unauthorized shrimping in certain particularly-described areas of the Tortugas shrimp beds, was held invalid by the trial court because a portion of the restricted area lies outside the territorial boundaries of the state as set forth in article II, section 1(a) of the Florida Constitution. We reverse.
On February 14, 1978, officers of the Florida Marine Patrol observed Reo Hill shrimping in the prohibited Tortugas shrimp nursery area at a point within the territorial waters of the state  i.e., within three marine leagues of the Florida coast  and issued a citation charging him with a violation of section 370.151(2). After formal charges were lodged by information, Hill filed a written motion to dismiss attacking the constitutionality of the statute on the ground that the legislature, by purporting to prohibit shrimping in an area which extends in part beyond Florida's territorial boundaries, had acted in excess of its lawful jurisdiction. The trial court granted the motion to dismiss and held the statute invalid, finding it "immaterial that the Defendant was arrested within the boundaries of the State of Florida... ."
Unlike the trial judge, we regard the uncontested fact[2] that Hill's conduct occurred within the territorial jurisdiction of the state to be not only material, but dispositive of this case. Regardless of whether or not the state may prohibit shrimping in waters outside its boundaries, it clearly possesses the authority to proscribe such activities in areas subject to its jurisdiction. It is a longstanding principle of constitutional adjudication that
[a] statutory regulation may, consistently with organic law, be applied to one class of cases in controversy, and may violate the Constitution as applied to another class of cases. This does not destroy the statute; but imposes the duty to enforce the regulation when it may be legally applied.[3]
Since this statute may be legally applied to Hill under the factual circumstances presented here, he has no standing to complain that it might not be constitutionally enforceable against one who commits a violation in that portion of the prohibited area lying outside the territorial jurisdiction of *86 the state. See, e.g., State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 98, 31 So.2d 52, 57 (1947); Steele v. Freel, 157 Fla. 223, 226-27, 25 So.2d 501, 503 (1946); State ex rel. Buford v. Shepard, 84 Fla. 206, 219, 93 So. 667, 671 (1922).
The trial judge erred in holding that section 370.151(2) is invalid, as the constitutional issue was not presented by a proper party in this case. Accordingly, the order of the trial court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., dissents with an opinion.
HATCHETT, J., dissents.
ADKINS, Justice, dissenting.
I dissent.
It is conceded that section 370.151(2), Florida Statutes (1977), included an area outside the territorial boundaries of the State of Florida. Not only does the statute prohibit shrimping within the State of Florida, but, it also prohibits shrimping in an area outside the State of Florida. The legislature of the state has no authority to extend the territorial limits of the state so as to prohibit shrimping beyond the territorial limits. See Mounier v. State, 178 So.2d 714 (Fla. 1965).
The statutory description of the prohibited area was defective and the defect cannot be cured by showing that the offense was, in fact, committed within the territorial jurisdiction of Florida. See Little v. Reo Hill Fisheries, Inc., 322 So.2d 557 (Fla. 1975).
I recognize that the state has the power to enact legislation regulating and controlling the operation of vessels and acts of citizens of this state on water outside the territorial limits of the state, as well as on waters within its territorial limits. Burns v. Rozen, 201 So.2d 629, 630 (Fla. 1st DCA 1967). However, this does not mean that the State of Florida can regulate fishing and shrimping outside the territorial limits of the state. Following the decision of the majority opinion, all citizens in the world could shrimp in the prohibited area lying outside Florida's territorial limits except the citizens of Florida.
To say that the statute is valid because it is applicable only to the territorial limits of Florida, is to say that you can break a leg "a little bit" or violate a law "a little bit." The statute is either valid or invalid on its face.
It is ridiculous to say that a person convicted of a violation of the statute has no standing to attack the facial validity of the statute.
In my opinion the statute is unconstitutional.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
[2] It was stipulated in the trial court that the incident on which these charges are based occurred within the territorial jurisdiction of the state.
[3] In re Seven Barrels of Wine, 79 Fla. 1, 17, 83 So. 627, 632 (1920). See also, e.g., Ex Parte Wise, 141 Fla. 222, 231-32, 192 So. 872, 875-76 (1940).