580 So.2d 305 (1991)
Kennan NEPHEW, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1647.
District Court of Appeal of Florida, First District.
May 24, 1991.
Thomas R. Mott, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Kennan Nephew has appealed from his conviction and sentence for attempted first-degree murder of a law enforcement officer, grand theft auto, resisting arrest with violence while armed with a firearm, and using a firearm in the commission of a *306 felony, to wit: the attempted first-degree murder. We affirm.
Nephew was charged by information with the foregoing offenses following an incident wherein he fired four shots at an officer who had stopped him for a traffic offense. He was tried by jury and convicted. Section 784.07(3), Florida Statutes (Supp. 1988), provides that:
Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony, punishable as provided in s. 775.0825.
Section 775.0825 goes on to provide that "any person convicted of attempted murder of a law enforcement officer as provided in s. 784.07(3) shall be required to serve no less than 25 years before becoming eligible for parole." Accordingly, Nephew was sentenced to 25 years for the attempted first-degree murder conviction, and to various lesser terms on the other charges.
Nephew raises two issues on appeal. The first, that conviction and sentencing for both attempted first-degree murder and possession of a firearm in the commission of a felony constitutes double jeopardy, is without merit. See Lentz v. State, 567 So.2d 997, 998 (Fla. 1st DCA 1990) (the use of a firearm is not an essential element of the offense of attempted first-degree murder). Nephew also argues that section 784.07(3), under which he was convicted of attempted first-degree murder of a law enforcement officer, is unconstitutionally vague in that it does not specify the degree of attempted murder to which the mandatory term set forth in section 775.0825 will apply.
We affirm, in that we do not find the challenged provision "so vague that men of common intelligence must guess at its meaning." State v. Hagan, 387 So.2d 943, 945 (Fla. 1980). While the term "murder" is not defined in the body of the statute, in such cases resort may properly be had to related statutory provisions which define the term. Hagan at 945. Here, the definition of "murder" may be found in sections 782.04(1)  (4), Florida Statutes. That section 784.07(3) does not limit its application to one particular degree of attempted murder does not render the statute "vague;" it simply means that conviction of attempted murder of a law enforcement officer, of whatever degree, will be treated as a life felony and punished accordingly.[1] Appellant's argument with regard to the accused's knowledge of the victim's identity as a law enforcement officer is similarly without merit.
Affirmed.
BOOTH, J., concurs.
ALLEN, J., concurring specially with opinion.
ALLEN, Judge, concurring specially.
I concur in the result reached by the majority. In doing so, I observe that Nephew raised no equal protection argument. Accordingly, we have not determined whether the punishment classification established by section 784.07(3), Florida Statutes, meets the rationality requirement imposed by the Equal Protection Clause of the Fourteenth Amendment.
NOTES
[1] We note that, by this holding, we have not ignored appellant's argument that, with regard to murder in the third-degree, a second-degree felony, s. 782.04(4), a defendant could receive a lesser sentence for completing the murder of a law enforcement officer (the statutory maximum sentence for a second-degree felony is 15 years, s. 775.082(3)(c)) than for attempting the same offense under s. 784.07(3) (25 years minimum mandatory term). This is certainly questionable as a matter of public policy and perhaps warrants re-visitation by the Legislature, but it does not render s. 784.07(3) void for vagueness as maintained by appellant. We also note that appellant was charged, not with attempted third-degree murder, but attempted first-degree murder.