587 So.2d 1355 (1991)
Dennis CARPENTIER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2758.
District Court of Appeal of Florida, First District.
July 25, 1991.
On Motion for Rehearing and Certification Denied November 1, 1991.
*1356 Barbara M. Linthicum, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.

CORRECTED OPINION
Sua sponte, we withdraw our earlier opinion filed July 19, 1991, and substitute the following therefor.
NIMMONS, Judge.
The appellant was convicted of second degree murder (a lesser offense of the first degree murder charged in Count I), attempted murder of a law enforcement officer (as charged in count III), and aggravated assault (a lesser offense of the attempted murder of a law enforcement officer charged in count IV).
On this direct appeal, among appellant's contentions is that Section 784.07(3), Florida Statutes (1988 Supp.), is unconstitutionally vague. That section provides:
(3) Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony, punishable as provided in s. 775.0825.
Appellant contends that the statute is vague in that it fails to state whether the statute requires a showing that a defendant have knowledge that the victim was a law enforcement officer.
As can be seen, the statute applies (1) when the officer was engaged in the lawful performance of his duty, or (2) when the motivation for the attempt was related, all or in part, to the lawful duties of the officer. Unlike the related offense of assault or battery on a law enforcement *1357 officer (Section 784.07(2)), there is no apparent scienter requirement when the violation occurs in the manner described above in alternative # 1.[1]
Florida courts have long adopted the Connally rule from Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926) which requires that a penal statute
must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.
See State v. Hagan, 387 So.2d 943, 945 (Fla. 1980).
With respect to the offense described in alternative # 1 of the statute, it is clear that there is no vagueness insofar as any scienter requirement. The statute simply does not require that the offender have knowledge that the victim was a law enforcement officer. This is certainly not surprising. In modern day law enforcement, particularly with the high incidence of drug trafficking in today's culture, it is frequently necessary for law enforcement officers to operate undercover and to ostensibly cooperate with the criminal element. The Legislature apparently determined that one who attempts to murder an undercover officer should be dealt with as severely as one who attempts to murder a uniformed officer. Criminals know that the possibility always exists that those with whom they ply their felonious trade may be undercover police officers. On this theme, we note that the Legislature recently expressed an intent to provide law enforcement officers with the "greatest protection which can be provided through the laws of this state" because of their exposure to great risk of violence. Chapter 89-100, section 2, Laws of Florida.
The knowledge element which has been excluded relates solely to the status of the victim. Such exclusion does not render the statute vulnerable to the kind of attack leveled by this appellant. See Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942). Lambert v. California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957).
With respect to violations committed in the manner described in alternative # 2, i.e., when the motivation for the attempt was related, all or in part, to the lawful duties of the officer, it may well be that this method of violation necessarily requires knowledge that the victim is a law enforcement officer. One scenario would be where the offender attempts to murder an officer, who was not then engaged in the performance of his duties, in order to "get even" with the officer for the latter's earlier enforcement of the law against the offender. However, just because alternative # 2 may require such scienter does not mean that alternative # 1 requires it. Both alternative methods of violation have what appear to be readily understandable fields of play and are not afflicted with constitutional vagueness.
But, appellant further contends that the statute is fatally vague because it is not clear whether the statute, in referring to "murder," refers to all degrees of murder. This court has recently had occasion to consider such contention and rejected same. Nephew v. State, 580 So.2d 305 (Fla. 1st DCA 1991). There is nothing vague about the term "murder" in the subject statute. The term is, of course, defined elsewhere in the Florida Statutes, specifically Chapter 782. Appellant contends that there are different types of murder with varying penalties and different types of attempted murder, likewise with varying penalties, and that due to such *1358 variation, the Legislature could not have intended to treat all attempted murders of law enforcement officers the same. However, from the fact that the Legislature chose to use the term "murder," it appears obvious that the Legislature concluded that one who attempts to murder a law enforcement officer should be subject to the same penalties, irrespective of the circumstances under which the attempted murder was committed.
It is true that, under current law, a person convicted of third degree murder of a law enforcement officer would receive a less severe sentence than one convicted of attempted murder of an officer under Section 784.07(3). However, there is no requirement that the Legislature address all related evils simultaneously or that it even address all related evils. State ex. rel. Florida R. Com'rs v. Atlantic Coast Line R. Co., 60 Fla. 218, 53 So. 601, 610 (1910) (validity of one legislative regulation not affected by the failure to regulate other matters within the legislative power); Brotherhood of Loc. Firemen & Eng. v. Chicago R.I. & D.R. Co., 393 U.S. 129, 89 S.Ct. 323, 21 L.Ed.2d 289 (1968).
We have examined the other issues raised by appellant and find them to be without merit.
AFFIRMED.
SMITH, J., concurs.
ZEHMER, J., concurs with written opinion.
ZEHMER, Judge (Concurring).
While I concur with Judge Nimmons's opinion, I do so with substantial reservation. I am unable to agree that the use of the term "murder" in the subject statute is not inherently vague and ambiguous, but I do not believe this deficiency rises to the level of constitutional infirmity.
The use of "attempted murder" in section 784.07(3), Florida Statutes (1989), without specific definition or reference to any other definitions of murder in the Florida Statutes, is patently confusing and ambiguous. No Florida statute defines any single offense known as "murder." Chapter 782, dealing with homicide, defines several offenses involving homicide, including premeditated or felony murder in the first degree, murder in the second degree, and murder in the third degree, each being punishable by different sentences of declining severities depending on the degree of murder. Thus, first degree murder is a capital offense punishable by death or life imprisonment; second degree murder is a life felony punishable by imprisonment for life or a term not exceeding 40 years; third degree murder is a second degree felony punishable by imprisonment for a term not exceeding 15 years. By way of comparison, section 784.07(3) specifies that attempted murder of a law enforcement officer is a life felony punishable by imprisonment for life or a term not exceeding 40 years, the equivalent penalty for second degree murder, plus the additional requirement that such person mandatorily serve 25 years in prison before becoming eligible for parole.[1] Thus, a person committing an unlawful killing of a law enforcement officer constituting third degree murder is subject to a lesser penalty than if found guilty of "attempted murder" in any degree.
Traditionally, the law of this state has not recognized any crime known simply as "murder" or "attempted murder" without specifying the degree thereof, and it does not do so today unless section 784.07(3) may be said to create an entirely new offense of "attempted murder of a law enforcement officer." If that is the legislative intent, the section fails to specify the particular elements of the new statutory offense. Section 784.07 fails to define murder as requiring an "unlawful killing," as do the other provisions in section 782.04. Only by implication can one conclude that the term "attempted murder" means an attempt to commit an unlawful killing under *1359 circumstances that would amount to either first, second or third degree murder rather than an attempt to kill a law enforcement officer that would amount only to manslaughter or would be excused by sections 782.02 and 782.03.
In any event, section 784.07(3) is fraught with inherent ambiguities that not only make it difficult to determine legislative intent but leave the statute vague and uncertain in respect to its precise meaning, application, and enforcement in various circumstances. A statutory scheme that (1) provides for a single level of punishment for an "attempted murder" of a law enforcement officer while preserving different levels of punishment for the actual murder of such officers, (2) omits any requirement of specific or knowing intent, at least in respect to the first part of its operation, and (3) purports to impose a greater penalty for an "attempted murder in the third degree" than for a consummated killing constituting "murder in the third degree," smacks heavily of arbitrary and capricious legislation so vague and uncertain in meaning that it fails to meet constitutional requirements of due process.
Nevertheless, I join in affirming the conviction and decline to hold the statute facially invalid on constitutional grounds because I believe that at the very least the statute puts one on notice that attempting to unlawfully kill a law enforcement officer is a criminal offense punishable as a life felony. Since the circumstances of this offense do not involve the elements of "attempted third degree murder" of a law enforcement officer, I conclude that we are not required to consider any potential constitutional infirmity based on an illogical scheme to punish for attempted murder at a significantly greater level than for third degree murder.

ON MOTION FOR REHEARING AND/OR CERTIFICATION, DENIED
PER CURIAM
The appellant's motion for rehearing and/or certification is denied.
SMITH, J., concurs.
WENTWORTH, Senior Judge, concurs, participating upon assignment after oral argument, in substitution for NIMMONS, J.
ZEHMER, J., concurs and dissents with written opinion.
ZEHMER, Judge (concurring and dissenting).
I concur in the decision to deny appellant's motion for rehearing. I do not join in denying the motion for certification in the following respect. Appellant's motion seeks certification of four questions to the supreme court as questions of great public importance. In view of the concerns expressed in my special concurring opinion, I believe it is most appropriate to certify the first question set forth in the motion:
WHETHER FLORIDA STATUTES, SECTION 784.07(3) CREATES A NEW, SUBSTANTIVE OFFENSE, OR IS ONLY A RECLASSIFICATION STATUTE WHICH INCREASES THE PENALTIES FOR ATTEMPTED VIOLATIONS OF SECTION 782.04 WHEN THE VICTIM IS A LAW ENFORCEMENT OFFICER?
NOTES
[1] The subject indictment specified only alternative # 1.
[1] Section 775.0825, Fla. Stat. (1989).