ZEHMER, Judge.
Darryl Eugene Sibley appeals a final judgment adjudicating him guilty of attempted first degree murder of a law enforcement officer with a firearm, and sentencing him as a habitual felony offender to a term of life in prison, 25-year minimum mandatory, pursuant to section 775.-0825, Florida Statutes (1989). Sibley raises two issues on this appeal. We affirm in part and reverse in part.
On February 5, 1990, the state filed an information charging Sibley in several counts with attempted first degree murder of a law enforcement officer with a firearm, kidnapping, grand theft auto, grand theft of a firearm, grand theft of U.S. currency, possession of a firearm by a convicted felon, carrying a concealed firearm, and resisting an officer with violence. In open court, the state orally amended the attempted murder count to state that during the charged offense, the officer was engaged in the lawful performance of his duty, pursuant to section 784.07(3), Florida Statutes (1989). The defense counsel waived objection to the clarification or amendment “pursuant to negotiations with the State.” Pursuant to a negotiated plea agreement, Sibley entered a plea of nolo contendere to the attempted first degree murder count, without reserving his right to appeal, and the state entered a nolle prosequi as to the remaining counts of the information. The circuit court accepted Sibley’s plea as freely and voluntarily made, and found that he was a habitual felony offender. The court adjudicated Sibley guilty and sentenced him as a habitual felony offender to a term of life in prison with a twenty-five-year minimum mandatory as provided in section 775.0825.
Sibley’s first point contends that sections 775.0825 and 784.07(3), Florida Statutes (1989), are impermissibly vague and violate *1246 due process, thus rendering unlawful his sentence of life imprisonment without parole for 25 years. Whether or not this issue was properly preserved for appellate review in this case, we note that these arguments have now been rejected, requiring affirmance on this point. Nephew v. State, 580 So.2d 305 (Fla. 1st DCA 1991); Carpentier v. State, 587 So.2d 1355 (Fla. 1st DCA 1991).
Sibley’s second point contends that the trial court erred in imposing a sentence as a habitual offender in sentencing him for a life felony. Sibley was convicted and sentenced for attempted first degree murder of a law enforcement officer, which is punishable as a life felony. § 784.07(3), Fla. Stat. (1989). We agree that the habitual felony offender statute, § 775.084, Fla. Stat. (1989), is inapplicable to life felonies. Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991); Gholston v. State, 16 F.L.W. D46, 1991 WL 205450 (Fla. 1st DCA Dec. 17, 1990); Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990); Newton v. State, 581 So.2d 212 (Fla. 4th DCA 1991). Accordingly, we vacate the sentence as a habitual felony offender and remand for resentenc-ing.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ERVIN and MINER, JJ., concur.