595 So.2d 1103 (1992)
John B. WEBB, III, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PROFESSIONAL ENGINEERS, Appellee.
No. 91-1703.
District Court of Appeal of Florida, Fifth District.
March 27, 1992.
*1104 Thomas B. Drage, Jr. and Kelly Thomas Ryan of Drage, Debeaubien, Knight & Simmons, Orlando, for appellant.
Lisa S. Nelson, Asst. Gen. Counsel, and Charles F. Tunnicliff, Department of Professional Regulation, Tallahassee, for appellee.
COWART, Judge.
This is an appeal from a final order of the Department of Professional Regulation, Board of Professional Engineers, finding the respondent, John B. Webb, III, guilty of misconduct in the practice of engineering.
Chapter 471, Florida Statutes, regulates the practice of engineering in this state. Section 471.033(1)(g), Florida Statutes, provides for disciplinary proceedings and sanctions against licensed engineers for "misconduct" in the practice of engineering. This statute does not further define that term although the Board of Professional Engineers has by rule specified a number of acts as constituting "misconduct." See Rule 21 H-19.001(6)(a)-(r), Florida Administrative Code.
The due process clauses of the federal and state constitutions require that a statute be declared void if it is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. State v. Gray, 435 So.2d 816 (Fla. 1983); D'Alemberte v. Anderson, 349 So.2d 164 (Fla. 1977). The word "misconduct" is extremely broad and the legislature should further define its meaning when using it as a basis for imposition of sanctions. Nevertheless, we decline to hold the statute unconstitutionally vague following Richardson v. State Board of Dentistry, 326 So.2d 231 (Fla. 1st DCA 1976). See also Cohn v. Department of Professional Regulation, 477 So.2d 1039, 1044-46 (Fla. 3d DCA 1985). However, after reviewing the undisputed facts in this case we find that they amount to no more than a contract dispute or misunderstanding between the engineer and his client involving the engineer's billing the client for additional fees for services beyond the original fee agreement and the engineer's attempt to collect additional fees which the client felt were excessive. Accordingly we reverse the order of the Department of Professional Regulation, Board of Professional Engineers, and set aside the determination that the respondent was guilty of misconduct in the practice of engineering.
REVERSED.
GOSHORN, C.J., and COBB, J., concur.