623 So.2d 598 (1993)
STATE of Florida, Appellant/Cross-Appellee,
v.
Richard Erman RAWLINS, Appellee/Cross-Appellant.
No. 92-2622.
District Court of Appeal of Florida, Fifth District.
August 27, 1993.
*599 Robert A. Butterworth, Atty. Gen., and Jonathan A. Glogau, Asst. Atty. Gen., Tallahassee, for appellant/cross-appellee.
Hal Spence of Bolt, Spence & Hall, P.A., New Smyrna Beach, for appellee/cross-appellant.
David Gluckman of Gluckman & Gluckman, Tallahassee, for amicus curiae Save the Manatee Club.
DIAMANTIS, Judge.
This appeal is before this court pursuant to an order from the county court which certified the following question as being an issue of great public importance:[1]
Is DNR [Department of Natural Resources] rule 16N-22 which fails to define the rights of fishermen, boaters and water-skiers and [fails to define] what unduly interferes with their rights when they use the Norris Dead River in Volusia County, Florida, for recreational and commercial purposes unconstitutionally vague?
We accepted jurisdiction and now answer the certified question in the negative. Accordingly, we reverse the trial court's order which held the rule unconstitutional as being impermissibly vague. Appellee/defendant Richard Rawlins has filed a cross-appeal in which he raises several issues, only one of which was addressed by the trial court. Rawlins challenges the trial court's ruling that Rawlins only has standing to challenge the constitutionality of section 370.12, Florida Statutes (1991), and the rules which pertain to the area of the St. Johns River in which he was cited for speeding  the Norris Dead River. We affirm the trial court's ruling regarding the standing issue and decline to expand review to the issues raised in the cross-appeal which were not ruled upon by the trial court. As to these issues, we remand for further proceedings.
Section 370.12(2), Florida Statutes (1991), is known as the Florida Manatee Sanctuary Act. The Manatee Act declares Florida to be a refuge and sanctuary for the manatees and appoints DNR as the appropriate agency to implement the express intent of the statute.
The statute provides that, in order to protect the manatees from harmful collisions with motor boats or from harassment, DNR shall adopt rules under Chapter 120 regulating the operation and speed of motor boat traffic. The statute limits DNR's authority, however, by stating that DNR can regulate the speed of motor boat traffic only where "manatee sightings are frequent and it can be generally assumed, based on available scientific information, that they inhabit these areas on a regular or continuous basis." § 370.12(2)(f), Fla. Stat. (1991).
Further, subparagraph (j) of the statute states that it is not the intent of the legislature to permit DNR to regulate boat speeds generally, "thereby unduly interfering with the rights of fishermen, boaters, and water-skiers using the areas for recreational and commercial purposes." § 370.12(2)(j), Fla. Stat. (1991).
The statute specifically states that, in Volusia County, DNR is authorized to regulate "Blue Springs Run and connecting waters of the St. Johns River within one mile of the confluence of Blue Springs and the St. Johns River; and Thompson Creek, Strickland Creek, Dodson Creek, and the Tomoka River." § 370.12(2)(f)8, Fla. Stat. (1991). In addition, subparagraph (n) of the statute provides that DNR may regulate by rule "other portions of state waters where manatees are frequently sighted and it can be assumed that manatees inhabit such waters periodically or continuously." § 370.12(2)(n), Fla. Stat. (1991).
Pursuant to this statutory authorization, DNR promulgated rules which are set forth in Chapter 16N-22 of the Florida Administrative Code. This chapter sets forth specific regulations concerning boat speeds for several counties located within the state. To enforce these regulations, DNR promulgated rule 16N-22.03(1), which provides that any person who violates or fails to comply with *600 the rules regulating motor boat speed and operation shall be guilty of a second degree misdemeanor.
Rule 16N-22.012 of the Code sets forth speed regulations, as well as exemptions to the regulations, which pertain to Volusia County. DNR has designated some areas of the county as year-round slow speed zones and other areas of the county as seasonal slow speed zones, seasonal idle speed zones, seasonal motor boats prohibited zones, maximum 30 miles per hour/25 miles per hour nighttime zones, and maximum 25 miles per hour zones.
In February 1992 Rawlins was cited for violating the manatee slow speed zone in the Norris Dead River section of the St. Johns River. Pursuant to rule 16N-22.012 of the Florida Administrative Code, the Norris Dead River is designated as a slow speed zone.
Rawlins filed a motion to dismiss the charges, arguing that rule 16N-22.012, as well as the enabling statute (section 370.12 of the Florida Statutes) are unconstitutional. The trial court granted the motion to dismiss, concluding that rule 16N-22.012 is unconstitutionally vague because the rule contains no provisions to identify and provide guidelines for the determination of whether the rule "unduly interferes" with the rights of Rawlins.
The vagueness doctrine was developed to insure compliance with the due process clauses of the state and federal constitutions which require that a law be declared void if it is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. Webb v. Department of Professional Regulation, 595 So.2d 1103 (Fla. 5th DCA 1992). The fundamental concern of the vagueness doctrine is that people be placed on notice of what conduct is illegal. State v. Peters, 534 So.2d 760 (Fla. 3d DCA 1988), rev. denied, 542 So.2d 1334 (Fla. 1989). A vague law is one which fails to give adequate notice of what conduct is prohibited and which, because of its imprecision, may invite arbitrary and discriminatory enforcement. State v. Hoyt, 609 So.2d 744 (Fla. 1st DCA 1992). It is constitutionally impermissible for a law to contain such vague language that a person of common intelligence must speculate about its meaning and then be subject to punishment if his guess is wrong. Bertens v. Stewart, 453 So.2d 92 (Fla. 2d DCA 1984). See also State v. Hagan, 387 So.2d 943 (Fla. 1980); State v. Rodriquez, 365 So.2d 157 (Fla. 1978).
We conclude that the trial court misapplied the void for vagueness doctrine in this case because review of the rule under which Rawlins is being prosecuted reveals that a person of common intelligence would not need to guess as to whether he has violated the boat speed regulations.
Rule 16N-22.03(1) specifically states that any person who violates rule 16N-22.012 shall be guilty of a misdemeanor of the second degree. Rule 16N-22.012 designates the Norris Dead River to be a slow speed zone year-round and, thus, a person traveling on the Norris Dead River can be cited for violating rule 16N-22.012 if he fails to operate his boat at a slow speed. Rule 16N-22.002 defines slow speed as "no speed greater than that which is reasonable and prudent to avoid either intentionally or negligently annoying, molesting, harassing, disturbing, colliding with, injuring, or harming manatees, and which comports with the duty of all persons to use due care under the circumstances."[2] This rule places boaters on adequate notice that it is illegal to operate a boat in excess of a slow speed while traveling on the Norris Dead River. See State v. Hagan, 387 So.2d 943 (Fla. 1980); State v. Cumming, 365 So.2d 153 (Fla. 1978); State v. Rochelle, 609 So.2d 613 (Fla. 4th DCA 1992), dismissed, Comrey v. State, 617 So.2d 318 (Fla. 1993).
As we have noted, Rawlins has raised numerous issues in his cross-appeal, including legal challenges to portions of rule 16N-22 which he has not been charged with violating. The state contends, as it did in the trial court, that Rawlins only has standing to challenge the constitutionality of the statute and the rules which pertain to the area of the St. *601 Johns River in which he was cited for speeding (i.e., the Norris Dead River). The trial court agreed and limited the scope of Rawlins's challenge to rule 16N-22.012, under which he was being prosecuted. On appeal, Rawlins contends that the trial court erred in so limiting his standing, arguing that his rights to use and enjoy all of the waters in Volusia County are adversely affected by the boat speed regulations and thus he has standing to challenge all portions of rule 16N-22.
In State v. Hagan, 387 So.2d 943 (Fla. 1980), defendants were charged with using more than one trawl net in violation of the Florida Statutes. Defendants filed motions to dismiss the charges on the ground that the statute was unconstitutionally vague in defining the proscribed conduct. The trial court concluded that the statute was unconstitutional. In reviewing the issue, the supreme court first noted that the defendants had limited standing to challenge the statute:
[W]e are concerned only with the criminal provision with which defendant was charged. That is, engaging in alleged unlawful activity in the Charlotte County waters of Charlotte Harbor. [Defendants] may not challenge the constitutionality of a portion of the statute which does not affect them. Therefore, the court did not consider the constitutionality of the statute insofar as it affects inland waters of the county or within one-half mile of such inland waters.
Id. at 945. See also State v. Hill, 372 So.2d 84 (Fla. 1979). Pursuant to the ruling in Hagan, we affirm the trial court's ruling regarding Rawlins's standing.
In summary, we answer the certified question in the negative and reverse the trial court's order dismissing the charges against Rawlins. We affirm the trial court's ruling regarding Rawlins's standing; however, we decline to expand our review to the issues raised in the cross-appeal which were not addressed by the trial court. See Underwriters at LaConcorde v. Airtech Services, 493 So.2d 428 (Fla. 1986). We remand this cause for further proceedings in which the parties shall be given an opportunity to submit additional evidence on any issues not previously addressed by the trial court.
CERTIFIED QUESTION ANSWERED; AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] See Fla.R.App.P. 9.160.
[2] We note that Rawlins has not challenged the trial court's ruling that this definition of slow speed is sufficiently specific to "meet the test of constitutionality in this case".