626 So.2d 1082 (1993)
Kevin ISAAC, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2173.
District Court of Appeal of Florida, First District.
November 17, 1993.
Rehearing Denied December 13, 1993.
Nancy A. Daniels, Public Defender; Glen P. Gifford and Randolph P. Murrell, Asst. Public Defenders, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
WEBSTER, Judge.
This is a direct criminal appeal. Following a jury trial, appellant was convicted of shooting into an occupied vehicle, armed robbery, attempted murder of a law enforcement officer and three counts of aggravated assault. At trial, appellant contested only the charge of attempted murder of a law enforcement officer. Likewise, on appeal he seeks review only of his conviction on that charge. He raises eight issues: (1) whether section 784.07(3), Florida Statutes (1991), is unconstitutionally vague; (2) whether section 784.07(3) violates the rationality requirement of the due process and equal protection clauses of the state and federal constitutions; (3) whether the charge should have been dismissed because, as phrased in the information, it was duplicitous; (4) whether a denial of due process resulted when the state took a position at trial regarding the degree of participation of a codefendant who testified against appellant which was different from that taken by the state when the codefendant pleaded no contest; (5) whether cross-examination of a codefendant regarding the circumstances of his plea bargain was improperly restricted; (6) whether exclusion of testimony proffered by a defense witness constituted reversible error; (7) whether denial of a requested jury instruction on attempted second-degree murder of a law enforcement officer, as a lesser-included offense of that charged, constituted reversible error; and (8) whether the crime of attempted felony murder, as defined in Florida, is unconstitutional. We affirm.
Appellant was charged by amended information with a violation of section 784.07(3), Florida Statutes (1991). That section reads:
Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony, punishable as provided in s. 775.0825.
The section was added in 1988. Ch. 88-381, § 55, at 2077-78, Laws of Fla. In the trial court, appellant argued that section 784.07(3) *1083 is unconstitutionally vague because it does not distinguish between degrees of murder, and because it does not require knowledge on the part of the perpetrator that the victim is a law enforcement officer. Appellant renews those arguments here.
We have previously addressed the first part of appellant's vagueness argument in Nephew v. State, 580 So.2d 305 (Fla. 1st DCA 1991), cause dismissed, 593 So.2d 1052 (Fla. 1992), holding that the statute is not unconstitutionally vague for that reason. Subsequently, we addressed both parts of appellant's argument in Carpentier v. State, 587 So.2d 1355 (Fla. 1st DCA 1991), review denied, 599 So.2d 654 (Fla. 1992), again concluding that the statute is not unconstitutionally vague. Appellant has failed to persuade us that we should revisit those two decisions.
Appellant argues that section 784.07(3) violates the rationality requirement of the due process and equal protection clauses of the state and federal constitutions. However, appellant did not raise this issue in the trial court. Accordingly, it has not been preserved. E.g., Whitted v. State, 362 So.2d 668 (Fla. 1978). Moreover, because appellant's argument attacks the statute on the ground that it is unconstitutional as applied, rather than on its face, that argument may not be made for the first time on appeal. E.g., State v. Johnson, 616 So.2d 1 (Fla. 1993). Even assuming that the issue had been preserved, appellant lacks standing because it is apparent from the record that he has not been adversely affected by the asserted infirmity in the statute. E.g., State v. Hagan, 387 So.2d 943 (Fla. 1980). Accordingly, we decline appellant's invitation to address this issue on the merits.
Appellant argues that the trial court committed reversible error when it refused his request to instruct the jury on attempted second-degree murder of a law enforcement officer, as a lesser-included offense of that charged. We conclude that appellant's argument grows out of a misperception regarding section 784.07(3). In our opinion, that section is more than simply an enhancement or a reclassification statute  it creates a separate substantive offense. The offense created consists of the elements of murder (in any degree), which are found by reference to section 782.04; plus the elements of a criminal attempt, which are found by reference to section 777.04(1); plus the added element either that the victim was a "law enforcement officer [as defined in section 784.07(1)(a)] engaged in the lawful performance of his duty" or that "the motivation" for the attempted murder of the "law enforcement officer" "was related, all or in part, to the lawful duties of the officer." Such a conclusion is supported by our recent decision in Evans v. State, 625 So.2d 915 (Fla. 1st DCA 1993), in which we held that section 784.07(2)(c) creates a separate substantive offense of aggravated assault on a law enforcement officer.
The clear intent behind section 784.07(3) is that one who attempts to murder "a law enforcement officer engaged in the lawful performance of his duty," or who attempts to murder "a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer," is guilty of a life felony and subject to the additional penalties set out in section 775.0825. Whether the attempted murder would otherwise have been classified as first, second or third-degree is irrelevant. Carpentier, 587 So.2d at 1358; Nephew, 580 So.2d at 306. All are punished in precisely the same manner under section 784.07(3). Accordingly, there is no offense of attempted first-degree, attempted second-degree or attempted third-degree murder of a law enforcement officer. There is only attempted murder of a law enforcement officer. Because there is no such offense as attempted second-degree murder of a law enforcement officer, it was not error for the trial court to refuse to give an instruction on that nonexistent offense as a lesser-included offense of attempted murder of a law enforcement officer.
Our careful review of the record and the arguments on appeal convinces us that the remaining issues raised by appellant merit neither discussion nor reversal. Accordingly, we affirm.
AFFIRMED.
BOOTH and SMITH, JJ., concur.