Mr. Michael S. Davis St. Petersburg City Attorney Post Office Box 2842 St. Petersburg, Florida 33731
Dear Mr. Davis:
You have asked for my opinion on substantially the following question:
Does Chapter 316, Florida Statutes, authorize a municipal police officer or parking enforcement specialist to issue a traffic citation for vehicles parked on private residential property (including, but not limited to, a private residential lawn) in violation of municipal ordinance?
In sum:
A municipal police officer or parking enforcement specialist does not have the authority under Chapter 316, Florida Statutes, to issue a traffic citation for vehicles parked on private residential property in violation of municipal ordinance since such property is not a thoroughfare or street upon which the public has a right to travel by motor vehicle. However, vehicles improperly parked on private residential property which has been posted may be towed from that property at the property owner's or lessee's request pursuant to section 715.07, Florida Statutes, and a lien imposed for towing and storage under section 713.78, Florida Statutes. Unauthorized vehicles may be towed from single-family residential property at the owner's request and the property need not be posted pursuant to section 715.07, Florida Statutes.
According to your letter, the City of St. Petersburg is experiencing problems with people parking on residential lawns in violation of a city ordinance. This is a particular problem for single-family residential property owners and has prompted your opinion request.
The Florida Uniform Traffic Control Law, Chapter 316, Florida Statutes, was enacted "to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities."[1] In order to ensure that the provisions of Chapter 316, Florida Statutes, are given uniform application throughout the state, section 316.002, Florida Statutes, provides that "[i]t is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter."[2]
However, section 316.002, Florida Statutes, expressly states:
The Legislature recognizes that there are conditions which require municipalities to pass certain other traffic ordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipalities. Section316.008 enumerates the area within which municipalities may control certain traffic movement or parking in their respective jurisdictions.
Thus, section 316.008(1), Florida Statutes, recognizes that the provisions of Chapter 316 do not prevent local authorities from "[r]egulating or prohibiting stopping, standing, or parking" on streets and highways under their jurisdiction.
This office has stated that the provisions in Chapter 316, Florida Statutes, are enforceable on private property only if the public may travel by motor vehicle on such property.[3] This conclusion is based on section 316.640, Florida Statutes, which provides, in part, that municipalities must enforce state traffic laws on all municipal streets and highways "wherever the public has the right to travel by motor vehicle."
It is the availability of the area or place for travel and the right of general and common use which makes certain private property subject to public control pursuant to Chapter 316, Florida Statutes. Thus, this office has determined that municipalities have enforcement authority with respect to traffic violations and accidents occurring in shopping centers and parking lots which are considered to be "streets and highways" upon which the public has the right to travel by motor vehicle.[4]
However, no authority to enforce Chapter 316, Florida Statutes, exists on private residential property which may not be used by the public for motor vehicle traffic.[5]
You have specifically cited section 316.1945(3), Florida Statutes, as authority for your assertion that a municipal police officer may enforce an ordinance prohibiting vehicle parking on private residential property such as lawns. The statute provides that:
A law enforcement officer or parking enforcement specialist who discovers a vehicle parked in violation of this section or a municipal or county ordinance may: (a) Issue a ticket form as may be used by a political subdivision or municipality to the driver; or (b) If the vehicle is unattended, attach such ticket to the vehicle in a conspicuous place, except that the uniform traffic citation prepared by the department pursuant to s. 316.650 may not be issued by being attached to an unattended vehicle.
The statute also provides that "[t]he uniform traffic citation prepared by the department pursuant to s. 316.650 may not be issued for violation of a municipal or county parking ordinance." The statutory section specifically prohibits stopping, standing, or parking in particular places such as on a crosswalk or in an intersection.[6]
Thus, to the extent that a municipality or county has adopted an ordinance regulating parking on a publicly traveled street or highway, a municipal police officer may ticket a vehicle not in compliance with the local regulation. Such was the case in Attorney General's Opinion 83-86 in which this office concluded that a municipality was authorized to enact an ordinance allowing pest control vehicles exceeding 10,000 pounds which could not enter residential driveways without damaging the driveways to make temporary stops on city streets for purposes of performing pest control services on the adjacent residential properties from such vehicle. As was noted in that opinion, section 316.008(1), Florida Statutes, authorizes a municipality, within the reasonable exercise of the police power, to regulate or prohibit "stopping, standing, or parking" on streets and highways under its jurisdiction.[7] It is these local regulations which section316.1945(3), Florida Statutes, authorizes a police officer or parking enforcement specialist to enforce.
Therefore, it is my opinion that a municipal police officer or parking enforcement specialist does not have the authority under Chapter 316, Florida Statutes, to issue a traffic citation for vehicles parked on private residential property in violation of municipal ordinance unless the public has a right to travel by motor vehicle on such property.
However, I would note that section 715.07, Florida Statutes, authorizes the owners of private property upon which vehicles have been parked without permission to have these vehicles towed from their property. Section 713.78, Florida Statutes, recognizes that a lien for towing and storage services may be imposed against the vehicle by the towing company for these services.
Section 715.07, Florida Statutes, authorizes
The owner or lessee of real property . . . [to] cause any vehicle parked on such property without his permission to be removed by a person regularly engaged in the business of towing vehicles, without liability for the costs of removal, transportation, or storage or damages caused by such removal, transportation, or storage[.][8]
The statute imposes certain requirements on the towing companies responding to such a request for removal.[9] Thus, the towed vehicle must be stored at a site within a certain distance of the property on which it was parked and the person or firm towing or removing the vehicle must, within 30 minutes of completion of the removal, notify the appropriate law enforcement agency of the location of the vehicle and provide a description of the vehicle.
Section 715.07, Florida Statutes, requires that a notice that unauthorized vehicles will be towed must be posted on certain private property but "property appurtenant to and obviously a part of a single-family residence" is exempt from this requirement.[10]
Thus, the owner or lessee of a single-family residence[11] is not required to post his or her property in order to have unauthorized vehicles which have been parked there towed or removed at the vehicle owner's expense.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 316.002, Fla. Stat. (1995). And see, the preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, Fla. Stat., in which the Legislature recognized that the movement of traffic had previously been controlled by "a hodgepodge of ordinances" which varied as to language and penalty and which caused an inconvenience and hazard to travelers.
[2] And see, s. 316.007, Fla. Stat. (1995), providing that "no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized." See also, s.166.021, Fla. Stat. (1995), which grants municipalities broad home rule powers except on matters expressly prohibited by law or when the subject matter is expressly preempted to the state by general law.
[3] See, Ops. Att'y Gen. Fla. 90-68 (1990), 88-5 (1988), 86-59 (1986) and 83-84 (1983).
[4] See, Ops. Att'y Gen. Fla. 73-323 (1973) and 72-383 (1972).
[5] Cf., s. 316.006(2)(b), Fla. Stat., which provides that a municipality may exercise jurisdiction over private roads or limited access roads owned or controlled by a special district and located within the municipal boundaries if the municipality and parties owning or controlling these roads enter into a written agreement for such traffic control which is approved by the governing body of the municipality.
[6] Section 316.1945(1)(a)3. and 4., Fla. Stat. (1995).
[7] And see, Op. Att'y Gen. Fla. 93-22 (1993) (in which this office concluded, in response to a request from the City of St. Petersburg, that commercial horse-drawn carriage operations could not be banned from operation on streets within the city except as provided in s. 316.008, Fla. Stat., or other provision of state law).
[8] Section 715.07(2), Fla. Stat.
[9] Section 715.07(2)(a)1.-4., Fla. Stat.
[10] Section 715.07(2)(a)5., Fla. Stat. The section also exempts from the posting requirement those "instances when notice is personally given to the owner or other legally authorized person in control of the vehicle that the area in which that vehicle is parked is reserved or otherwise unavailable for unauthorized vehicles and subject to being removed at the owner's or operator's expense[.]"
[11] There is no definition of "single-family residence" for purposes of section 715.07, Fla. Stat. The phrase must be understood in reference to the applicable local zoning code. Courts have upheld the zoning of single-family residence districts to exclude not only all commercial, vocational and industrial enterprises, but also two-family houses (duplexes), apartment houses and multiple-family dwellings. However, wide discretion is granted to a local legislative body in the establishment of residential districts, and the determination of what land will be included in such a district. See generally, McQuillin, Municipal Corporations ss. 25.98, 25.100, 25.101, and 25.127 (3rd Ed.). And see, State v. Hagan, 387 So.2d 943 (Fla. 1980), and Southeastern Fisheries Association, Inc. v. Department of Natural Resources,453 So.2d 1351 (Fla. 1984), for the proposition that in the absence of a statutory definition, words used in a statute should be understood in their plain and ordinary sense.