338 So.2d 1095 (1976)
James Perry ABLES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. Z-16.
District Court of Appeal of Florida, First District.
October 18, 1976.
Rehearing Denied November 24, 1976.
*1096 Burke D. Chester, Daytona Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Jeanne Dawes Schwartz, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Ables appeals from his conviction of murder in the first degree and a sentence of life imprisonment. The most substantial question presented is whether the trial court committed reversible error in charging the jury that it might convict the accused of premeditated murder under an indictment which charged that appellant killed the victim in perpetration of kidnapping.
The grand jury charged that Ables, "while engaged in the perpetration of or in the attempt to perpetrate the unlawful and felonious kidnapping of the person of FREDERICK C. WEST, [did] unlawfully kill and murder the said FREDERICK C. WEST by shooting him with a pistol." That of course was sufficient to charge murder in the first degree. Sec. 782.04(1)(a), F.S. 1975.[1] No charge was made that the unlawful killing was "perpetrated from a premeditated design to effect the death" of the victim, which is proscribed by the same statute.
There was abundant evidence that the accused premeditatedly shot and killed the victim who was resisting kidnapping. Over objection, the trial court charged the jury on the various ways in which first degree murder might be committed under § 782.04(1)(a), stating that "the question of premeditated design is a question of fact to be determined by the Jury from the evidence." The court defined at length the term premeditated design and generally gave the jury to understand that it might convict the accused of first degree murder if it found the accused killed the victim from a premeditated design or in perpetrating kidnapping. The court's charge thus potentially exposed appellant to a jury determination of his guilt on a charge not made by the indictment. That was error, for an accused is entitled to have the charge proved substantially as laid; he cannot be charged with one offense and convicted of another, even though the offenses are of the same character and carry the same penalty. See Perkins v. Mayo, 92 So.2d 641 (Fla. 1957); Penny v. State, 140 Fla. 155, 191 So. 190 (1939); Art. I, § 16, Florida Constitution.
*1097 When an indictment charges that the accused killed another from a premeditated design to effect his death, it is entirely proper to instruct the jury that the charge may be proved by evidence that the accused killed the other while perpetrating one of the designated felonies. Sloan v. State, 70 Fla. 163, 69 So. 871 (1915); Knight v. State, 338 So.2d 201 (Fla. 1976). It is urged by the State that the converse is also true, i.e., that on an indictment such as this the jury need not find the accused was perpetrating or attempting to perpetrate kidnapping if it is able to find the accused killed the victim with a premeditated design to effect his death. But such shuffling of offenses is not justified by the ancient principle that premeditation to murder may be implied in fact or presumed by law from the accused's perpetration of a violent felony. In such a case, the offense remains premeditated murder; only an element of it is deemed proven by evidence of the accused's felonious conduct. See 1 Russell on Crime 476 et seq. (12th ed. 1964); 1 Warren on Homicide § 74 at 324, et seq. (perm. ed. 1938); 1 Wharton's Criminal Law and Procedure § 251 (Anderson ed. 1957); Leiby v. State, 50 So.2d 529, 531-32 (Fla. 1951). The same cannot be said for the converse proposition here urged by the State: that premeditation supplies an otherwise missing ingredient of the offense of murder committed while perpetrating kidnapping.
The State urges also that charging on premeditated murder is required by Brown v. State, 206 So.2d 377 (Fla. 1968), construing § 919.14, F.S. 1965, now Rule 3.490, R.Cr.P. The Rule provides that when the indictment or information charges an offense "divided into degrees, without specifying the degree," the jury may convict the accused of any degree of the offense charged; and, when the charge is of an offense in a particular degree, the jury may "find the defendant guilty of the degree charged or of any lesser degree." The Rule requires jury instructions "as to the degrees of the offense." Of that requirement in the former statute, the Court in Brown held:
"The court must instruct on the lesser degrees simply because § 919.14 clearly requires it, and not because such degrees are necessarily included lesser offenses. In many cases the elements of the lesser degrees are totally distinct from the offense charged." Brown, 206 So.2d at 381.
See also State v. Washington, 268 So.2d 901 (Fla. 1972).
Nothing in Rule 3.490 or in Brown purports to authorize a conviction, under an indictment for a particular offense, on proof of another offense of the same generic name and in the same degree. While the Rule and Brown here required instructions concerning homicide in "lesser degrees" than first degree murder, which were given, they did not authorize a conviction of premeditated murder. Regardless of the evidence, the jury could not have convicted Ables of a killing committed in the perpetration of rape or aircraft piracy, and it was no less improper to submit for their consideration the question of premeditated murder. If as the State insists a charge on premeditation was necessary to exclude that factor in the definition of second degree murder, such a charge might have been given without authorizing the jury to convict of premeditated murder.
While giving the extraneous charge was erroneous, we have concluded, upon consideration of the entire record, that the error did not adversely affect appellant's substantial rights. Evidence of his guilt of kidnapmurder was overwhelming, and any premeditation to murder arose in the course of the kidnapping. In these circumstances the erroneous charge could not have seriously misled the jury from its sworn duty to try the accused on the charges made by the indictment. See § 924.33, F.S. 1975; Sullivan v. State, 303 So.2d 632, 637 (Fla. 1974).
We have considered appellant's other points on appeal and find them unavailing.
AFFIRMED.
MILLS, Acting C.J., concurs.
MELVIN, WOODROW, Associate Judge, concurs in judgment.
NOTES
[1] "The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any arson, involuntary sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb, or which resulted from the unlawful distribution of heroin by a person 18 years of age or older when such drug is proven to be the proximate cause of the death of the user, shall be murder in the first degree... ."