PER CURIAM.
Pursuant to the reasoning in Gray v. State, 19 Fla.L.Weekly D1039, — So.2d - [1994 WL 176541] (Fla. 3d DCA May 10, 1994) (review granted no. 83766) we reverse appellant’s conviction for attempted first degree felony murder, affirm the conviction of armed robbery,[1] and certify to the Supreme Court that this decision involves the following question of great public importance:
Whether the “overt act” referred to in Amlotte v. State, 456 So.2d 448, 449 (Fla. 1984), includes one, such as fleeing, which is intentionally committed but is not intended to kill or injure another?
Affirmed in part, reversed in part, and remanded for resentencing on the armed robbery conviction in light of the reversal on the attempted first degree murder conviction.
Affirmed in part, reversed in part, question certified.

. A defendant may waive the right to object to the amendment of an information, Johnson v. State, 190 So.2d 811 (Fla. 4th DCA 1966), cert, denied, 196 So.2cL925 (Fla.1967). The defendant, in open court, waived objection to the state’s amendment to the information, and declined the opportunity to continue the trial, therefore we find no error in this regard.