HARDING, Justice.
We have for review the following question certified to be of great public importance:
WHETHER THE “OVERT ACT” REFERRED TO IN AMLOTTE v. STATE, 456 So.2d 448, 449 (Fla.1984), INCLUDES ONE, SUCH AS FLEEING, WHICH IS INTENTIONALLY COMMITTED BUT IS NOT INTENDED TO KILL OR INJURE ANOTHER.
Miller v. State, 651 So.2d 1313 (Fla. 3d DCA 1995). We have jurisdiction based on article V, section 3(b)(4) of the Florida Constitution.
We recently addressed the identical certified question in State v. Gray, 654 So.2d 552 (Fla.1995). (Collin Gray and Miller were codefendants who were tried jointly.) In Gray, we found it unnecessary to answer the question because we receded from our holding in Amlotte that there is a criminal offense of attempted felony murder in Florida. Id. at 552-53.
Based on our decision in Gray that there is no crime of attempted felony murder, we do not need to answer the certified question in the instant ease. We approve the result of Miller, where the district court reversed Miller’s conviction for attempted first-degree felony murder, affirmed his conviction of armed robbery, and remanded for resentencing.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.