661 So.2d 308 (1995)
Gilberto ALFONSO, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1732.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Order Denying Rehearing October 11, 1995.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before HUBBART, JORGENSON and COPE, JJ.

ON REHEARING
PER CURIAM.
The defendant's motion for rehearing is granted, this court's opinion filed April 12, 1995, is vacated; the judgment of conviction and sentence entered below after a jury trial for attempted first-degree felony murder, as charged in count two of the information, is hereby reversed; and the cause is remanded to the trial court with directions to discharge the defendant from the cause as to this conviction and sentence only.
We reach this result based on the controlling and indistinguishable authority of State v. Gray, 654 So.2d 552 (Fla. 1995) (case. no. 83,766; opinion filed May 4, 1995) [20 Fla. Law Weekly S204] (overruling Amlotte v. State, 456 So.2d 448 (Fla. 1984)), which held that there is no such crime in Florida as attempted first-degree felony murder. Specifically, we reject the state's contention that the subject conviction for attempted first-degree felony murder should be reduced to a lesser offense; we are unaware of any authority in Florida, and have been cited to none, which would authorize a trial or appellate court to reduce a conviction for a non-existent crime, as here, to a lesser offense.
As to the balance of the judgments of conviction and sentences under review, we affirm such judgments and sentences in all respects as they have not been challenged on appeal by the defendant.
Affirmed in part; reversed in part and remanded.

ON MOTION FOR REHEARING AND CERTIFICATION
The State moves for rehearing or certification, arguing that on remand there should either be a new trial on lesser included offenses or that the defendant's conviction for attempted first degree felony murder should be reduced to a lesser included offense. We cannot agree. We interpret the Florida Supreme Court's decision in State v. Gray, 654 So.2d 552 (Fla. 1995), to require an outright *309 reversal, rather than a reduction to a lesser included offense or a new trial on lesser included offenses. Moreover, we see no principled basis for such reduction or new trial because, as a matter of law, there can be no lesser included offenses under a non-existent offense such as attempted first-degree felony murder. We recognize, however, that this issue will arise in most, if not all, cases governed by State v. Gray. Accordingly we certify that we have passed on the following question of great public importance:
WHEN A CONVICTION FOR ATTEMPTED FIRST DEGREE FELONY MURDER MUST BE VACATED ON AUTHORITY OF STATE V. GRAY, 654 So.2d 552 (Fla. 1995), DO LESSER INCLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
The motion for rehearing is denied.