664 So.2d 330 (1995)
Alphonso LEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-263.
District Court of Appeal of Florida, Third District.
December 13, 1995.
Bennett H. Brummer, Public Defender and Jane D. Fishman, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Fleur J. Lobree, Assistant Attorney General, for appellee.
Before BARKDULL, LEVY and GREEN, JJ.
*331 PER CURIAM.
We find no merit to appellant's challenges of his convictions and sentences for first degree murder, attempted armed robbery and unlawful possession of a firearm while engaged in a criminal offense and affirm the same.
The appellant's conviction and sentence for attempted felony murder, however, must be reversed based on State v. Gray, 654 So.2d 552 (Fla. 1995). We interpret Gray to require on remand a complete discharge of the appellant on this count rather than a reduction to a lesser included offense or a new trial on lesser included offenses. Alfonso v. State, 661 So.2d 308 (Fla. 3d DCA 1995); Wilson v. State, 660 So.2d 1067 (Fla. 3d DCA 1995), rehearing denied and question certified, 20 Fla. L. Weekly D2248, 2249 (Fla. 3d DCA Oct. 5, 1995). We recognize, however, that this issue will recur in virtually all cases governed by Gray. Thus, we again certify the following question of great public importance:
WHEN A CONVICTION FOR ATTEMPTED FIRST DEGREE FELONY MURDER MUST BE VACATED ON AUTHORITY OF STATE v. GRAY, 654 So.2d 552 (Fla. 1995), DO LESSER INCLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
Affirmed in part and reversed and remanded in part with instructions.