665 So.2d 294 (1995)
George L. GUTIERREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-132.
District Court of Appeal of Florida, Fifth District.
December 8, 1995.
Clarification Moot January 5, 1996.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Appellant, George L. Gutierrez, timely appeals from his judgment and sentence.
Gutierrez was arrested following a shooting incident in Orange County. At the time of the incident he was living with Dianne Buchannan and her son, Chad Buchannan. Gutierrez and Dianne argued; Chad got between them to break up the fight. Gutierrez then went into his bedroom and shut the door. As Chad walked down the hall near the bedroom door, Gutierrez opened the door with a gun in his hand. He and Chad struggled. The gun went off and a bullet struck Chad.
Gutierrez was charged with aggravated battery with a firearm (Count 1), aggravated assault with a firearm (Count 2), shooting into a building (Count 3), and attempted second-degree murder with a firearm (Count 4). At the close of the state's case, the defense moved for judgment of acquittal, arguing that the state had not made a prima facie case on any of the charges. The motion was denied. Gutierrez then testified on his own behalf that the shooting was a matter of self-defense. He was acquitted on the assault charge (Count 2); he was found guilty of aggravated battery with a firearm (Count 1), shooting into a building (Count 3), and the lesser included offense of attempted third degree murder (Count 4).
*295 Appellant argues first that his conviction for attempted third degree murder must be vacated on the basis of State v. Gray, 654 So.2d 552 (Fla. 1995). The state concedes error and asks this court to direct the trial court upon remand to enter a judgment for the lesser included offense listed on the verdict form.
We agree that Gray requires a reversal of the conviction of attempted third degree murder. Concerning the state's argument that appellant's conviction should be reduced to a lesser included offense, we agree with Alfonso v. State, 661 So.2d 308 (Fla. 3d DCA 1995), that there can be no lesser included offense to a nonexistent crime. See also, Wilson v. State, 660 So.2d 1067 (Fla. 3d DCA 1995), rehearing denied, certification granted, 20 Fla. L. Weekly D2248 (Fla. 3d DCA) (trial court instructed to reverse and vacate conviction and sentence for attempted felony murder; court would not find that lesser included offenses could exist for nonexistent crime). See also, Valladares v. State, 658 So.2d 626 (Fla. 5th DCA 1995) (defendant's conviction for nonexistent crime of attempted felony murder reversed and remanded for resentencing on other offenses); Selway v. State, 660 So.2d 1176 (Fla. 5th DCA 1995) (defendant's conviction for attempted third degree felony murder reversed, other convictions affirmed and remanded to trial court for resentencing); and State v. Miller, 660 So.2d 272 (Fla. 1995) (based on Gray, court would approve Third DCA's result where that court reversed defendant's conviction for attempted first degree felony murder, affirmed his conviction for armed robbery, and remanded for resentencing).
We reject Gutierrez's argument that his motion for judgment of acquittal on the aggravated battery count was improperly denied because the evidence was insufficient to show the touching was unwanted or that he intentionally caused injury. The testimony at trial suggested that appellant had a gun, he and the victim struggled, and during the struggle the gun went off two times. The second bullet struck the victim in the groin, causing great bodily harm. The victim testified that he did not consent to being shot and that he was in fear of Gutierrez because he had a gun. Gutierrez's argument is without merit.
REVERSED with instructions to vacate conviction for attempted third degree murder and resentencing; AFFIRMED in all other respects.
DAUKSCH and ANTOON, JJ., concur.