667 So.2d 470 (1996)
Darryl THOMPSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-903.
District Court of Appeal of Florida, Third District.
January 31, 1996.
*471 Roy D. Wasson, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before BARKDULL, BASKIN and LEVY, JJ.
BARKDULL, Judge.
Among other things, the appellant was convicted of attempted first degree murder of a law enforcement officer prior to the Supreme Court holding in State v. Gray, 654 So.2d 552 (Fla. 1995). The matter went to the jury on two theories, attempted felony murder and attempted premeditated murder. After Gray, one of these crimes no longer exists and the Gray decision applies to all cases in the "pipeline". State v. Grinage, 656 So.2d 457 (Fla. 1995); Gray, 654 So.2d at 554.
Therefore, we reverse the conviction of attempted first degree murder pursuant to the authority of Humphries v. State, 20 Fla. L. Weekly D2634, ___ So.2d ___ (Fla. 5th DCA December 1, 1995); Tape v. State, 661 So.2d 1287 (Fla. 4th DCA 1995) and Harris v. State, 658 So.2d 1226 (Fla. 4th DCA 1995) and return the matter to the trial court for a new trial on the charge of attempted premeditated murder.
We note that in reversing and remanding for a new trial on the charge of attempted premeditated murder, this case differs from the recent cases of Lee v. State, 664 So.2d 330 (Fla. 3d DCA 1995) (question certified); Alfonso v. State, 661 So.2d 308 (Fla. 3d DCA 1995) (question certified), and Wilson v. State, 660 So.2d 1067 (Fla. 3d DCA 1995) (question certified). In those cases this court refused to reduce a conviction for attempted felony murder to a lesser included offense or remand for a new trial on a lesser included offense because it found that there could be no lesser included offense to the now nonexistent crime of attempted felony murder. The facts in Lee, Alfonso and Wilson were such that charges of attempted premeditated murder were not viable. In the instant case however, the defendant was charged in the alternative for both attempted premeditated and attempted felony murder. We see no impediment to reversing and remanding for a new trial on the charge of attempted premeditated murder where the facts of the case could support a guilty verdict on that charge.
Because this cause must be retried, we address several other issues raised by the appellant.
The appellant contends that the trial court erroneously denied his requested jury instruction that it is an element of the crime of attempted murder of a law enforcement officer that the defendant know that the victim is a police officer. He relies on Grinage v. State, 641 So.2d 1362 (Fla. 5th DCA 1994) for the proposition that the state must allege and prove that the defendant knew that his victim was a police officer for a conviction under section 784.07(3), Florida Statutes (1993). Although Grinage does contain language to that effect, the questions certified to the Florida Supreme Court in that case involved the offense of attempted felony murder. The Florida Supreme Court recently considered the certified questions in State v. Grinage, 656 So.2d 457 (Fla. 1995) and affirmed the Fifth District's reversal of Grinage's attempted felony murder conviction, holding that the crime of attempted felony murder no longer exists. Id. at 458. However, we do not read that case as deciding the question of whether or not knowledge of the victim's status as a law enforcement officer is a necessary element of the offense of *472 attempted murder when the conviction is enhanced under Florida Statute section 784.07(3) (1993).
Section 784.07(2), Florida Statutes (1993) involves the offense of assault or battery upon a law enforcement officer. That section specifies that the assault or battery be committed "knowingly." Subsection (3) however, pertains to attempted murder of a law enforcement officer engaged in the lawful performance of his duty and clearly does not require that the offense be committed "knowingly." Therefore, we agree with the First District in Carpentier v. State, 587 So.2d 1355 (Fla. 1st DCA 1991), review denied 599 So.2d 654 (Fla. 1992) and the cases that follow, Isaac v. State, 626 So.2d 1082 (Fla. 1st DCA 1993), review denied 634 So.2d 624 (Fla. 1994) and Evans v. State, 625 So.2d 915 (Fla. 1st DCA 1993), that the "statute simply does not require that the offender have knowledge that the victim was a law enforcement officer." Carpentier, 587 So. at 1357.
We disagree with Isaac, however, to the extent that it holds that section 784.07(3) creates a separate, substantive offense. Isaac, 626 So.2d at 1083. We read that section to be merely an enhancement of a conviction for attempted murder if the victim happens to be a law enforcement officer engaged in the lawful performance of his duty or if the motivation for the attempt was related to the lawful duties of the officer. This reading is supported by the recent case of State v. Iacovone, 660 So.2d 1371 (Fla. 1995). In that case, the Florida Supreme Court held that sections 784.07(3) and 775.0825, Florida Statutes (1991) do not apply to all degrees of murder, only to first degree murder. Id. at 1373. If those sections created separate, substantive offenses, then it would not be logical to limit their "application" to only first degree murder. Even more persuasive is the statement that "[t]he penalty for attempted first-degree murder is enhanced when undertaken against a law enforcement officer... ." Id. at 1373-74 (emphasis added). Therefore, we reject the appellant's argument that the omission of the requested instruction to the jury was prejudicial error.
The appellant next asserts that the trial court erroneously ordered his minimum mandatory sentence of three years for armed robbery be served consecutively to his minimum mandatory sentence of twenty-five years for attempted murder of a law enforcement officer. We disagree. The separate and distinct offense of armed robbery of the confidential informants was completed and the defendant was attempting to escape when he fired shots and attempted to murder the undercover officer. "When different crimes are committed in the same episode, however, minimum mandatory sentences can be consecutive." Downs v. State, 616 So.2d 444, 445 (Fla. 1993).
The other grounds urged for reversal are found to be without merit. See Sections 59.041, 90.803(18)(e), Fla. Stat. (1993); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); State v. Kearse, 491 So.2d 1141 (Fla. 1986); Jacobs v. State, 396 So.2d 1113 (Fla. 1981), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981); Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987), aff'd in part, quashed in part, 520 So.2d 273 (Fla. 1988).
Affirmed in part, reversed in part with directions.