671 So.2d 281 (1996)
Rodney L. WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1715.
District Court of Appeal of Florida, Fourth District.
April 10, 1996.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
*282 Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
We affirm defendant's convictions on all charges except attempted first degree murder. The jury was instructed on both attempted felony murder and attempted premeditated murder. Subsequent to the verdict, our supreme court held that the crime of attempted felony murder will no longer be recognized in Florida. See State v. Gray, 654 So.2d 552 (Fla.1995). Because it is impossible to determine which theory the jury used to convict defendant and because the facts could support a guilty verdict on either theory, we reverse. See Meeks v. State, 667 So.2d 1002 (Fla. 3d DCA 1996). See also Tape v. State, 661 So.2d 1287 (Fla. 4th DCA 1995); Harris v. State, 658 So.2d 1226 (Fla. 4th DCA 1995); Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996).
The state contends that this court has authority to reduce each of the three attempted first degree murder convictions to the lesser included offense of attempted second degree murder, citing to Alfonso v. State, 661 So.2d 308 (Fla. 3d DCA 1995), review granted, 668 So.2d 603 (Fla.1996). In Alfonso, the trial court was ordered to discharge the defendant as to his conviction of attempted felony murder. The third district rejected the state's contention that either the trial court or the appellate court had the authority to reduce a conviction for a non-existent crime to a lesser included offense. However, the third district certified the question. Id. See also Lee v. State, 664 So.2d 330 (Fla. 3d DCA 1995).
In Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996), the third district distinguished Alfonso in that charges of attempted premeditated murder were not viable. In Thompson, however, as in the subsequent Meeks case and as in this case, the defendant was charged in the alternative with both attempted premeditated and attempted felony murder. The Thompson court saw "no impediment to reversing and remanding for a new trial on the charge of attempted premeditated murder where the facts of the case could support a guilty verdict on that charge." Id. at 471.
Accordingly, we reverse appellant's convictions for attempted first-degree murder (Counts II-IV) and remand for a new trial only on charges of attempted first degree premeditated murder.
KLEIN and GROSS, JJ., concur.