671 So.2d 876 (1996)
Timothy CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0598.
District Court of Appeal of Florida, Fourth District.
April 17, 1996.
Richard L. Jorandby, Public Defender, and Ellen Morris, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Timothy Campbell, was tried by jury and convicted of attempted first degree murder with a firearm, robbery with a deadly weapon, and aggravated battery upon a person aged sixty-five or older. Because the record suggests that Campbell may have been convicted of the non-existent crime of attempted felony murder, we reverse Campbell's conviction for attempted first degree murder and remand for a new trial.
At trial, the state relied upon dual theories of murder: attempted premeditated murder and attempted felony murder. Both theories were raised during closing argument and the trial court instructed the jury on both theories as well. Recently our Supreme Court receded from its decision in Amlotte v. State, 456 So.2d 448 (Fla.1984), and determined that there is no such crime as the offense of attempted felony murder in Florida. State v. Gray, 654 So.2d 552 (Fla.1995). In so ruling, the court mandated that its decision must be applied to all cases pending on direct review or not yet final. Id. at 554. Because the state relied upon the attempted felony murder theory at trial, there is a chance the jury convicted Campbell based upon that theory.
*877 Although the state recognizes the potential impact of Gray, the state asserts that appellant failed to object to the instruction below, and therefore this court must apply a fundamental error analysis to the case. We agree that the absence of an objection requires a fundamental error analysis, but we have no difficulty in arriving at the conclusion that it is fundamental error for a defendant to be convicted of a non-existent crime. See Williamson v. State, 510 So.2d 335 (Fla. 4th DCA 1987).
On the record before us, we cannot conclude beyond a reasonable doubt that the jury did not find Campbell guilty of attempted first degree murder based on the attempted felony murder instruction given by the trial court; therefore, the error cannot be considered harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, we reverse Campbell's conviction and sentence for attempted first degree murder and remand for a new trial. We affirm appellant's other convictions.
Affirmed in part, reversed in part and remanded.
GLICKSTEIN and KLEIN, JJ., concur.