GREEN, Judge.
Maurice Harris, a juvenile charged and tried as an adult, appeals his convictions and concurrent life sentences for attempted first degree felony murder and armed robbery.
Harris and a codefendant were charged by grand jury indictment with one count of attempted first degree felony murder and one count of armed robbery. Prior to trial, Harris sought to suppress his confession to the police based upon his assertion that the Miranda [1] warnings given to him did not sufficiently apprise him of his right to legal counsel. This motion was denied and the case proceeded to trial. During the charge conference, the trial court sua sponte and without objection, indicated that it would additionally instruct the jury on the alternative theory of attempted first degree premeditated murder.[2] During closing argument, the prosecutor argued both theories of attempted premeditated murder and attempted felony murder to the jury. Thereafter, in accordance with its earlier stated intention, the *855 court instructed the jury on the two charged offenses as well as the uncharged offense of attempted first degree premeditated murder.[3] The verdict form given to the jurors did not permit the jurors to differentiate whether their guilty verdict on count I was based upon a finding of guilt as to attempted felony murder or attempted first degree premeditated murder. Rather, the verdict form requested only that the jury make a determination of whether or not Harris was guilty of “attempted first degree murder as charged in count I of the Indictment” with or without a firearm or guilty of certain lesser included offenses.
The jury returned its verdict finding Harris guilty of attempted first degree murder with a firearm as charged in count I of the indictment and guilty of armed robbery while carrying a firearm as charged in count II of the indictment. At the sentencing hearing, the court deemed it appropriate to impose adult sanctions against Harris after considering the criteria enunciated in section 39.059, Florida Statutes (1993). The trial court departed from the recommended sentencing, guidelines range of 8 to 14 years imprisonment for both offenses and imposed two concurrent life sentences. In so doing, the court stated that these sentences were to be served “without the possibility of parole for three years.” Although the court’s oral pronouncement clearly suggests that the judge contemplated that Harris would be eligible for parole after serving the three year minimum mandatory sentence required for the possession of a firearm, both parties to this appeal agree that the true effect of the court’s imposition of natural life sentences in this case is that Harris is ineligible for parole and these sentences cannot be reduced by gain time since they are not for a term of years. See sections 921.001(10)(b), 944.275(2)(a), Fla. Stat. (1993). Hence, Harris’s natural life sentences are just that.
On this appeal, Harris first correctly argues that his conviction and life sentence for attempted felony murder as charged in count I of the indictment must be vacated in accordance with the supreme court’s decision in State v. Gray, 654 So.2d 552 (Fla.1995). By virtue of the Gray decision, attempted felony murder has now been abolished as a crime in the State of Florida. According to its express terms, Gray is applicable to “pipeline” cases such as this which are pending direct review or are not otherwise final, 654 So.2d at 554. Accordingly, we reverse Harris’s conviction and sentence for attempted felony murder and remand with instructions that he be discharged as to this count. As we have done in Alfonso v. State, 661 So.2d 308 (Fla. 3d DCA 1995), review granted, 668 So.2d 603 (Fla.1996) and Wilson v. State 660 So.2d 1067 (Fla. 3d DCA 1995), review granted, 668 So.2d 604 (Fla.1996) we again certify that we have passed on the following question of great public importance:
WHEN A CONVICTION FOR ATTEMPTED FIRST DEGREE FELONY MURDER MUST BE VACATED ON AUTHORITY OF STATE V. GRAY, 654 S0.2D 552 (FLA.1995), DO LESSER INCLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
Notwithstanding the fact that Harris’s conviction and sentence for attempted felony murder must be vacated pursuant to Gray, the state makes the argument that since this case was presented to the jury on the alternative theories of attempted felony murder and attempted first degree murder and it is not clear which theory the jury relied upon to support its guilty verdict, this case should be remanded for a retrial on the attempted first degree murder charge based upon this court’s decision of Meeks v. State, 667 So.2d 1002 (Fla. 3d DCA 1996) and Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996). We disagree and find the state’s reliance upon these cases to be misplaced.
Unlike Thompson and Meeks, Harris was never charged with the crime of attempted first degree premeditated murder and it is most assuredly not a lesser included offense of either of the two charged offenses. Al *856 though the evidence adduced by the state may very well have been sufficient to support an attempted first degree murder charge, we conclude, as did the First District in Ables v. State, 338 So.2d 1095 (Fla. 1st DCA 1976), cert. denied, 346 So.2d 1247 (Fla.1977), that it was error for the trial court to charge the jury under count I on attempted first degree premeditated murder where the indictment charged only attempted felony murder:
The court’s charge [for attempted first degree premeditated murder] thus potentially exposed appellant to a jury determination of his guilt on a charge not made by the indictment. That was error, for an accused is entitled to have the charge proved substantially as laid; he cannot be charged with one offense and convicted of another, even though the offenses are of the same character and carry the same penalty, (citations omitted)
338 So.2d at 1096. But compare Knight v. State, 338 So.2d 201 (Fla.1976) (holding that conversely, it is proper for the trial court to charge the jury on the alternative theory of felony murder if supported by the evidence where the indictment charges only premeditated first degree murder), denial of habeas corpus affirmed in relevant part, 863 F.2d 705, 707 (11th Cir.1988). The fact that Harris interposed no objection to the court’s sua sponte jury instruction on attempted first degree premeditated murder is of no moment because we deem this instruction to constitute fundamental error. Thus, on remand, we conclude that Harris is entitled to a complete discharge from his conviction and life sentence for attempted felony murder as charged in count I of the indictment.
Harris next argues that his natural life departure sentence for armed robbery constitutes cruel or unusual punishment in violation of article 1, section 17 of the Florida Constitution or is otherwise disproportionate in light of his youth, and the factual circumstances of this ease. We agree with the state that we need not address this issue at this time because it affirmatively appears on the record that there is a reasonable doubt as to whether the trial court intended to impose a life sentence without the possibility of parole on this juvenile or, for that matter, whether the court was actually aware of the practical effect of its sentence. On remand, therefore, we direct the trial court to clarify whether it in fact intended to impose a true life sentence without the possibility of parole on Harris for his armed robbery conviction in count II.
Finally, we find no merit to Harris’s remaining argument on appeal that his confession was admitted into evidence in violation of the fifth and fourteenth amendments to the United States Constitution and article 1, section 9 of the Florida Constitution.
Reversed and remanded with directions.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Neither party disputes the fact that the evidence adduced by the state could have supported either theory.

. -The jury was also instructed on various lesser included offenses not germane to the issues on appeal.