PER CURIAM.
We reverse appellant’s reduced conviction for attempted second degree murder with a deadly weapon but affirm appellant’s convictions on all other charges.
Appellant was charged and tried on count one of attempted first degree murder with a deadly weapon. The jury was instructed that a conviction on this count could be based on either premeditation or a felony-murder theory. During deliberations, the jury inquired as to how to list their verdict of attempted first degree murder on the felony-murder theory rather than premeditated murder. In response to the jury’s question, the court reread the jury instruction on count one — attempted murder in the first degree with a deadly weapon. Shortly thereafter, the jury found appellant guilty of count one. After the verdict, the supreme court in State v. Gray, 654 So.2d 552, 554 (Fla.1995) held that the crime of attempted felony-murder no longer exists in Florida and that this decision “must be applied to all cases pending on direct review or not yet final.” Based on Gray, the trial court found it improper to sentence appellant for attempted first degree murder, reduced appellant’s conviction to attempted second degree murder with a deadly weapon and sentenced appellant accordingly.
The crime of attempted felony murder is no longer recognized in this state. State v. Gray, 654 So.2d at 554. In Williamson v. State, 671 So.2d 281, 281 (Fla. 4th DCA 1996), this court held that a new trial must be granted when the jury is instructed on both attempted felony murder and attempted premeditated murder “[bjecause it is impossible to determine which theory the jury used to convict defendant and because the facts could support a guilty verdict on either theory[.]” Id. at 282.
The state argues that a new trial on count one is not necessary as the trial court properly reduced appellant’s conviction to attempted second degree murder. This court rejected a similar argument in Williamson, 671 So.2d at 282.
Based on Williamson and Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996), we reverse appellant’s conviction for attempted first degree murder and remand for a new trial on the charge of attempted first degree premeditated murder.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
DELL, FARMER and GROSS, JJ., concur.