COBB, Judge.
Kaplan appeals from his convictions and sentences for attempted first degree felony murder with a firearm,[1] aimed burglary of a dwelling,[2] and shooting into a building.[3] The shooting incident took place in 1992, but the trial was not held until February of 1995, just prior to the Florida Supreme Court’s opinion in State v. Gray, 654 So.2d 552 (Fla.1995). Kaplan raises issues concerning the correctness of the court’s denial of a jury instruction regarding Kaplan’s mental condition, and an instruction on hallucinations or delusions, whieh we find to be without merit. However, pursuant to Gray, we reverse Kaplan’s conviction for attempted first degree felony murder.
In this case, Kaplan was charged with attempted first degree murder, based on two theories: premeditated attempted first degree murder and attempted first degree felony murder. The information charged in Count I:
In the County of Seminole, State of Florida, Erie Adam Kaplan, a/k/a Eric Adam Kalan [sic] on the 27th day of September, 1992, did commit the offense of Attempted First Degree Murder in that he did attempt to kill Robert Starks or Judith Starks, a human being, by shooting at Judith Starks with a gun, with a premeditated design to effect the death of Robert Starks, or did, while engaged in the perpetration of or in the attempt to perpetrate a burglary, said Defendant committed an act that could, but did not cause the death of Judith Starks, a human being, to wit: shooting into the home of Judith Starks with a gun, contrary to sections 777.04(1), 774.04(4)(a), and 782.04(l)(a)l or 782.04(l)(a)2.e, and further, during the commission of said offense, the defendant carried or used and personally had in his possession a firearm as defined by section 790.001(6), Florida Statutes, contrary to section 775.087(l)(a) and 775.087(2)(a)l, Florida Statutes.
The prosecution agreed to submit to the jurors a special verdict form which required them to select one theory of the crime or the other, or a list of lesser included offenses. The trial court instructed the jury it could return a verdict on either one of the two attempted murder theories charged in Count *1168 I, but not both. The jury returned with a verdict of guilty of attempted first degree felony murder with a firearm.
We disagree with Kaplan’s contention that he cannot now be retried for attempted premeditated murder. There was evidence adduced at trial which was sufficient to sustain a jury verdict of guilt of that offense.[4] The jury, in effect, was precluded from making that finding by the court’s instruction that it could not find guilt on both theories submitted to it: premeditation and the attempted felony murder. The jury’s selection of the latter theory, which was nullified by the decision in Gray, does not logically or legally constitute a rejection of the premeditation charge. We cannot agree with the appellant’s argument that the jury indirectly exonerated Kaplan of attempted premeditated murder. We cannot know whether or not the trial jury would have convicted Kaplan of attempted premeditated murder had there been no impediment to their consideration thereof in the form of the nonexistent crime of attempted felony murder and the instructions pertaining thereto.
Nor do we read the various cases cited by the dissent, including State v. Wilson, 680 So.2d 411 (Fla. 1996) and State v. Miller, 660 So.2d 272 (Fla.1995), as precluding a new trial on the charge of attempted premeditated murder. In Miller, the Florida Supreme Court merely approved the result reached by the Third District in Miller v. State, 651 So.2d 1313 (Fla. 3d DCA 1995), wherein the appellant’s conviction for the nonexistent crime of attempted felony murder was reversed, and his conviction for armed robbery was affirmed. There is no indication that the defendant in either Wilson or Miller was ever charged with attempted premeditated murder, as was Kaplan in the instant ease. The premeditation charge was also absent in all of the other cases cited by the dissent as representative of “sole” or “non-general” verdicts. The only line of cases which we have found that deals with the instant issue, where a pre-Gray trial jury was forced to choose between attempted felony murder and attempted premeditated murder, is represented by Bowers v. State, 676 So.2d 1060 (Fla. 4th DCA 1996). We agree with the result reached by the Fourth District in that case, ie., the requirement of a new trial for attempted premeditated murder.
We affirm Kaplan’s convictions and sentences for.armed burglary and shooting into a building; we reverse his conviction for attempted felony murder and remand for a new trial on the charge of attempted first degree premeditated murder.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR NEW TRIAL.
PETERSON, C.J., concurs.
W. SHARP, J., dissents with opinion.

. §§ 782.04(l)(a), 777.04, 775.087(1), Fla.Stat. (1991).

. §§ 810.02(1) and (2)(b), 775.087(2)(a)1, Fla.Stat. (1991).

. §§ 790.001(6), 790.19, Fla.Stat (1991).

. This fact is not denied by the appellant or by the dissent.