W. SHARP, Judge,
dissenting.
I respectfully dissent, in part, because in my view, Kaplan should not be retried on the premeditated attempted first degree murder theory. Retrial on the lesser included offenses on which the jury was instructed, which pertain to the non-existent crime of attempted first degree felony murder, should be the only crimes on remand for which Kaplan is tried. See State v. Wilson, 680 So.2d 411 (Fla. 1996). I agree no other reversible error occurred, and the other convictions for crimes in this case, should be affirmed.[1]
This case is different from any other precedent I have found in this state involving the State v. Gray, 654 So.2d 552 (Fla.1995) problem because it is one in which the jury rendered a special verdict, and it is clear that the jury elected not to convict Kaplan of attempted premeditated murder. It could have, but it did not.
Kaplan’s primary defense in this case was diminished mental capacity at the time of the crime. Acknowledging the weakness of the state’s case on the element of proving premeditation beyond a reasonable doubt, the prosecutor stressed in his closing argument, *1169 that if the jury had a reasonable doubt about intent or premeditation, it should not find Kaplan guilty of attempted first degree premeditated murder. Rather, the prosecutor urged the jury to return a verdict of attempted first degree felony murder because under that theory, the state did not need to prove beyond a reasonable doubt, that Kaplan had an intent to Mil when he fired shots into the dwelling. The jury did just that: guilty of attempted first degree felony murder.
In my view this is entirely different than cases in which a jury returned a general verdict of guilty, having been charged on two attempted murder theories (attempted premeditated murder and attempted felony murder), and it is impossible to determine on which theory the jury convicted. See Humphries v. State, 676 So.2d 1 (Fla. 5th DCA, 1995) (defendant charged with attempted murder of victim either by premeditation or during commission of a felony, and jury simply found defendant guilty as charged.); Campbell v. State, 671 So.2d 876 (Fla. 4th DCA 1996) (defendant, convicted of attempted first degree murder based on either attempted felony murder or attempted premeditated murder, but appellate court could not conclude beyond a reasonable doubt that he was not convicted on the attempted felony murder theory). In both Humphries and Campbell, the courts stated reversal and retrial on the premeditated attempted murder theory was proper because “it is impossible to determine wMch of the two theories the jury accepted.” Humphries, 676 So.2d at 3.
In cases where the jury was not instructed on the premeditated attempted murder theory, and the jury returned a guilty verdict based on the attempted felony murder charge (a non-existent crime of late) the Florida Supreme Court held it was proper to reverse the conviction for the nonexistent crime,[2] or reverse and remand for trial on lesser included (valid) criminal offenses per-taming to the attempted felony murder charge, on which the jury had been instructed.[3] But no mention was made in those cases of the state’s ability on remand to try the defendant for a premeditated attempted murder.[4]
I disagree that Bowers v. State, 676 So.2d 1060 (Fla. 4th DCA 1996) is on point. In that case the defendant was charged and tried on one count of attempted first degree murder, and the jury was instructed it could convict on either the felony murder theory or the premeditation theory. The jury simply convicted the defendant as charged, although before rendering its verdict it requested instructions on how to list an attempted first degree murder verdict on the felony-murder theory. In response, the court re-read its instructions on count one. The jury then returned a verdict of guilty as charged. This is not the same thing as a special verdict. In fact the court in Bowers, in reversing and remanding for a new trial on the premediation theory, quoted from Williamson v. State, 671 So.2d 281 (Fla. 4th DCA 1996). “It is impossible to determine which theory the jury used to convict defendant and because the facts could support a guilty verdict on either theory.” (emphasis supplied) 676 So.2d at 1061.
In this case, the jury convicted Kaplan of the non-existent crime, but it did not convict him for the premeditated crime. There is no doubt about it. Whether the jury might have convicted Kaplan for premeditated attempted murder had it not been given the option to convict him for attempted felony-murder, is speculation. The inescapable fact is, it did not. An accused may only be retried for the offense for which he was convicted, or double jeopardy problems rise in a flurry. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); Ray v. State, 231 So.2d 813 (Fla.1969).
*1170 An explicit finding of “not guilty[5]’ in cases involving special verdicts is not required to create a double jeopardy bar on remand. In Arizona v. Rumsey, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) and Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), the United States Supreme Court accorded double jeopardy protection to special verdicts rendered by fact-finders, which refused to impose the death penalty. The court reasoned that the special verdicts which did not impose a death penalty, were indistinguishable from acquittals on charged offenses because: the prosecution had the burden of proving statutorily defined facts beyond a reasonable doubt; the factfin-der was required to make a specific fact finding in rendering the special verdict; the factfinder’s decision was based on a determination that the prosecution either had or had not proven its case; and the determination was made following a hearing which involved the submission of evidence and presentation of argument.
In Green, the government charged the defendant with first degree murder and sought the death penalty for arson which caused a person’s death inside a building. The court instructed the jury on first degree murder as well as the offense of second degree murder. The jury convicted Green of second degree murder. After his conviction was set aside, he was retried, and the second jury convicted him of first degree murder. The United States Supreme Court held that double jeopardy barred his conviction. The Court said:
In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read, ‘we find the defendant not guilty of murder in the first degree but guilty of murder in the second degree.’
Green, 355 U.S. at 191, 78 S.Ct at 225.
In Achin v. State, 436 So.2d 30 (Fla.1982), the Florida Supreme Court held that the fact that a jury convicted a defendant of a lesser included offense did not bar his retrial for the main offense for double jeopardy purposes. In that case the conviction had been for a non-existent crime. However, key to the court’s ruling was the fact that the two crimes involved the same elements. Technically, the non-existent crime (attempted extortion) was the same thing as extortion. It distinguished Green on the basis that in Achin, the elements for both crimes were identical. In the case before this court, the elements of the two crimes are vastly different.
In my view, the special verdict established that the jury rejected the element of premeditation in this case. Thus, pursuant to Rum-sey and Bullington, the special verdict should be viewed as indistinguishable from an acquittal for double jeopardy purposes. To retry Kaplan for attempted premeditated murder on remand will, in my view be a violation of his constitutional double jeopardy rights.[5]

. Section 810.02(1) and (2)(b) and section 775.087(2)(a)1, Fla Stat. (1991) (armed burglary of a dwelling).

. See State v. Miller, 660 So.2d 272 (Fla.1995).

. See State v. Wilson, 680 So.2d 411 (Fla. 1996).

. See also Gutierrez, v. State, 665 So.2d 294 (Fla. 5th DCA 1995) (court simply reversed conviction for attempted third degree murder as a nonexistent crime); Selway v. State, 660 So.2d 1176 (Fla. 5th DCA 1995) (court simply reversed defendant’s conviction for attempted third degree felony murder ); Valladares v. State, 658 So.2d 626 (Fla. 5th DCA 1995) (court simply reversed conviction for non-existent crime of attempted felony murder); Crystal v. State, 657 So.2d 77 (Fla. 1st DCA 1995) (court simply reversed attempted third degree murder conviction).

. Art. I, § 9, Fla. Const.; Fifth Amend., U.S. Const.