693 So.2d 1001 (1997)
Leonard SPENCER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2992.
District Court of Appeal of Florida, Fourth District.
March 5, 1997.
Order Denying Rehearing April 23, 1997.
Charles W. Musgrove, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Michelle A. Konig and Sarah B. Mayer, Assistant Attorneys General, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from numerous convictions involving several victims: two counts of first-degree murder with a firearm; four counts of robbery with a firearm; and one count of attempted first-degree murder with a firearm. We affirm all of the convictions except the last above-mentioned, which we reverse and remand for a new trial on attempted first-degree premeditated murder.
This appeal arises from the fourth trial in this case. The first trial's convictions and resulting death sentence of appellant were reversed due to a special districting jury selection process that resulted in unconstitutional systematic exclusion of a significant portion of the black population from the jury pool. Spencer v. State, 545 So.2d 1352 (Fla. 1989). The second trial ended in mistrial due to a hung jury. The third trial's convictions and resulting death sentence were reversed because the trial judge sua sponte excluded jurors with alleged low IQ's and because of an ex parte communication during the sentencing proceedings. Spencer v. State, 615 So.2d 688 (Fla.1993), limited by Armstrong v. State, 642 So.2d 730 (Fla.1994). Upon the convictions in his fourth trial, which is the subject of this appeal, appellant was sentenced to life imprisonment.
While appellant raises issues directed at all of his convictions, argument only as to the last issue is persuasive, and it is that which we address.
*1002 Appellant's conviction for attempted first-degree murder regarded the shooting of Terry Howard in a convenience store during the initial robbery. The jury was instructed on both attempted first-degree premeditated murder and attempted first-degree felony murder; and the state argued both theories to the jury.
As both parties agree, the crime of attempted first-degree felony murder no longer exists in Florida. State v. Gray, 654 So.2d 552 (Fla.1995). Gray is applicable to the immediate case because the supreme court specifically stated that its decision would apply to cases pending on direct review or not yet final. Id. at 554. Additionally, appellant did not need to preserve this issue in order to argue on appeal that he was convicted of a nonexistent crime. See Campbell v. State, 671 So.2d 876, 877 (Fla. 4th DCA 1996); Tape v. State, 661 So.2d 1287, 1289 (Fla. 4th DCA 1995).
The state maintains that any error was harmless because the evidence supported a conviction for attempted first-degree premeditated murder. However, because the jury was instructed on both attempted firstdegree felony murder and attempted firstdegree premeditated murder and both theories were argued to the jury, it is not possible to determine with any certainty upon which of the two theories the jury relied in convicting appellant of attempted first-degree murder. Accordingly, the fact that the jury was instructed on attempted first-degree felony murder cannot be considered harmless error. Campbell, 671 So.2d at 877; Williamson v. State, 671 So.2d 281, 282 (Fla. 4th DCA 1996); Tape, 661 So.2d at 1289; Harris v. State, 658 So.2d 1226, 1226 (Fla. 4th DCA 1995).
Although the above cases establish that appellant's conviction for attempted first-degree murder must be vacated, appellant may be retried for attempted first-degree premeditated murder, see, e.g., Williamson, 671 So.2d at 282; Kaplan v. State, 681 So.2d 1166, 1167-68 (Fla. 5th DCA 1996), or any of the lesser included offenses of attempted first-degree murder on which the jury was instructed, see State v. Wilson, 680 So.2d 411 (Fla.1996).
GLICKSTEIN, DELL and PARIENTE, JJ., concur.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
PER CURIAM.
We deny appellant's motion for rehearing, but grant his motion for clarification on the issue of improper prosecutorial comment, which issue did not present reversible error. The prosecutor's closing comment regarding hundreds of witnesses did not reference any particular witnesses who would testify favorably for the state. Nor did it identify which testifying witnesses would be corroborated by the additional witnesses' testimony. Therefore, the challenged comment was not as egregious as the comments in Tillman v. State, 647 So.2d 1015 (Fla. 4th DCA 1994), and Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 465 (Fla.1976). Furthermore, the context in which the challenged comment was made makes it less egregious. Here, the prosecutor was not arguing about the evidence per se and how it related to the defendant's guilt, but rather was commenting on anticipating the defense and the selection of witnesses in doing so. For these reasons, we conclude that the challenged comment was not as egregious as the comments in Tillman and Thompson, and reversal is not warranted. See King v. State, 623 So.2d 486 (Fla.1993) ("A conviction will not be overturned unless a prosecutor's comment is so prejudicial that it vitiates the entire trial.").
GLICKSTEIN, DELL and PARIENTE, JJ., concur.