ON MOTION FOR REHEARING/CLARIFICATION

RAMIREZ, J.
Appellant’s motion for rehearing is denied, but clarification is granted. We withdraw the prior opinion issued on April 6, 2005, and issue the following clarified opinion in its place.
Maurice Harris appeals the denial of his motion for post-conviction relief. We affirm the order denying postconviction relief because he never appealed his resen-tence, and the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not retroactive.
Harris was charged with attempted first degree murder with a firearm (Count I) and armed robbery with a- firearm (Count II). He was 15 years old at the time that the alleged crimes were committed. A jury trial found him guilty as charged. On direct appeal, in Harris v. State, 674 So.2d 854 (Fla. 3d DCA 1996), this Court vacated the conviction on Count I under the authority of State v. Gray, 654 So.2d 552 (Fla.1995) (holding that attempted felony murder was abolished), and remanded the case with instructions to the trial court to clarify whether it intended to impose a true life sentence without the possibility of parole for his armed robbery conviction in Count II. This Court also certified the following question to the Florida Supreme Court:
WHEN A CONVICTION FOR ATTEMPTED FIRST DEGREE FELONY MURDER MUST BE VACATED ON AUTHORITY OF STATE V GRAY, 654 S0.2D 552 (FLA.1995), DO LESSER INCLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
The Supreme Court answered the question, holding that where a conviction for attempted felony murder has been vacated on the basis of Gray, the proper remedy is retrial on any other offenses of an equal or lesser degree which were instructed on at trial. The Supreme Court quashed the decision of this Court and remanded for further proceedings. See State v. Harris, 690 So.2d 1297 (Fla.1997). On May 21, 1997, this Court entered its mandate in the case, vacating the May 22 Harris opinion, adopting the opinion of the Florida Supreme Court, and remanding to the trial court for further proceedings in accordance with the Supreme Court’s opinion. On March 6, 1998, the State nolle prossed Count I, the attempted first degree murder count.
*324 On March 27,1998, the case came before the trial court for resentencing. The State noted that Harris did not need to be resen-tenced because Count I was nolle prossed. The trial court did not agree and proceeded to resentence Harris. After hearing from the victim, Harris, and Harris’s mother, the trial court announced that adult sanctions were proper, that the victim suffered extraordinary physical trauma, and imposed an upward departure sentence. The trial court sentenced the defendant to life imprisonment with a three-year minimum mandatory sentence.
The State did not appeal the resentenc-ing.[1] Harris, however, on March 8, 2000, filed a motion for post-conviction relief alleging ineffective assistance of counsel for failing to challenge the reasons for departure. The trial court denied the motion, as well as the motion for rehearing. On December 11, 2001, Harris filed another motion for post conviction relief, relying on Apprendi, and contending that a determination whether the original sentencing judge intended a life sentence without parole had to be made. This Court granted a belated appeal from the resentencing order.
Harris contends that the trial court erred in resentencing him because it enhanced his sentence outside of the sentencing guidelines for conduct not found by the jury and because the resentencing court failed to fulfill the mandate of this Court to discern the sentencing intent of the original sentencing court. We disagree and affirm. Furthermore, Harris’s Apprendi argument is without merit as Apprendi does not apply retroactively on collateral review to sentences that became final before the issuance of that opinion. See Windom v. State, 886 So.2d 915, 946, n. 32 (Fla.2004) (Cantero, J., specially concurring) (listing opinions stating that Ap-prendi does not apply retroactively). Here, Harris’s resentence became final in April 1998, long before Apprendi was decided. Thus, Harris is not entitled to relief on this issue.
Based on the foregoing, we affirm the denial of the defendant’s motion for post-conviction relief.
Affirmed.

. We thus reject the state’s argument that the trial court erroneously conducted a new sentencing hearing. By not appealing the sentence imposed on March 27, 1998, the state waived this argument.